## VALLEY IMAGING PARTNERSHIP MEDICAL GROUP LP, a California limited partnership; Donald D. Kaiserman, M.D., Plaintiffs—Appellants,

v.

## RLI INSURANCE COMPANY, an Illinois corporation, Defendant—Appellee.

No. 06–55761.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed March 5, 2008.

---

Claudia J. Serviss, Esq., George H. Kim, Esq., The Ford Law Firm, Los Angeles, CA, for Plaintiffs–Appellants.

William C. Morison, Esq., Morison–Knox Holden Melendez & Prough, LLP, Walnut Creek, CA, for Defendant–Appellee.

Before: PREGERSON, ARCHER *, and WARDLAW, Circuit Judges.

---

* The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

## MEMORANDUM **

Valley Imaging Partnership Medical Group, L.P. ("VIP") and Donald D. Kaiserman ("Kaiserman") (collectively "the appellants") appeal the district court's grant of RLI Insurance Co. ("RLI")'s summary judgment motion. VIP asserts that Maria Hernandez ("Hernandez") was a VIP "employee" and, therefore, RLI should have defended Hernandez's lawsuit against VIP and covered its liability arising out of that lawsuit.

In determining whether the duty to defend is triggered, one looks to the policy, the complaint, and all facts known to the insurer from any source. *Montrose Chem. Corp. of Cal. v. Superior Court,* 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1161 (1993) (citing *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168, 176–77 (1966)). Additionally, the mutual intention of the parties at the time the contract was formed governs the interpretation of an insurance contract. *AIU Ins. Co. v. Superior Court,* 51 Cal.3d 807, 274 Cal.Rptr. 820, 799 P.2d 1253, 1264 (1990).

> Such intent is to be inferred, if possible, solely from the written provisions of the contract ( [Cal.] Civ.Code § 1639). The "clear and explicit" meaning of these provisions, interpreted in their "ordinary and popular sense," unless "used by the parties in a technical sense or a special meaning is given to them by usage" (*id.* § 1644), controls judicial interpretation. (*Id.,* § 1638.) Thus, if the meaning a lay person would ascribe to contract language is not ambiguous, we apply that meaning.

*Id.*

"Employee" is defined in the insurance contract as "any person who receives

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

wages or a salary from the *Entity* for work that is directed and controlled by the *Entity,* including part-time, seasonal and temporary workers...." Thus, in order to be considered VIP's "employee" for coverage purposes, Hernandez must receive wages or a salary from VIP. It is undisputed that Hernandez received her check from Queen of the Valley Hospital ("QOV") each month. Thereafter, VIP would reimburse QOV for the amount of Hernandez's salary, plus an additional 26% for benefits.

The district court properly held that Hernandez "receive[d] wages or a salary" from QOV, not VIP. That VIP reimbursed QOV does not change that fact that QOV was the entity paying Hernandez's salary and that, therefore, Hernandez was not a VIP employee as defined by the insurance contract.[1]

**AFFIRMED.**

---

1. We note that VIP has paid Hernandez bonuses during the Christmas holiday seasons. In their briefs, the appellants did not assert that a bonus constitutes a "wage or salary" under the insurance contract. In fact, when questioned on the subject at oral argument, counsel for VIP took the position that the bonuses VIP paid Hernandez were not "a wage or salary."